UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                     Docket No. 23-CR-40003-MRG

v.

CHARLIE VICK

## MOTION FOR SEVERANCE-MISJOINDER OF COUNTS

Now comes the Defendant Charlie Vick, PRO-SE, and respectfully moves this Honorable Court to sever the offenses charged in the indictment and grant separate trials that;

1. Although indictment No. 23-CR-40003-MRG charges Defendant with two (2) separate offenses, these alleged offenses arise from two separate and distant incidents.

2. Count one (1) charges Defendant with possession of a firearm,(18 U.S.C. 922(g)) arising from an alleged incident occuring on February 21, 2023. Count two (2) charges Defendant with witness tampering,(18 U.S.C.1512(b)(1)) arising from a wholly unrelated and factually remote incident alleged to have occurred between October 2023- December 2023.

3. Counts one (1) and two (2) may not be joined under Fed.R.Crim.P.(a); Fed.R.Crim.P.14, because these offenses are not (1) based on the same act or transaction or part of a continuing series of acts or transactions constituting one enterprise (2) of the same or similar character. These alleged incidents, are separate in location, one involves an allege victim. One does not; They share no common purpose.

4. Fed.R.Crim.P.14 provides a layer of protection against joinder that unduly perjudices the Defendant. See United States V. Randazzo, 80 F. 3d 623,627 (1st Cir. 1996). In analyzing joinder courts examine "whether the charges are laid under the same statue, whether they involve similar victims, location, or modes of operation, and the time frame in which the charged conduct occured" United States V. Buchanan, 930 F. Supp. 657, 662 (D. Mass) ( quoting United States V. Taylor, 54 F.3d 967, 973 (1st. Cir. 1995).

5. Here the older count is arguably not "of the same or similar character". The single charge in the superseding indictment was brought under a different statue then the original charge. Even if offenses are properly joined the Criminal Rules authorize severance of counts "[if] the joinder of offenses appears to prejudice a Defendant."

6. Here the Defendant argues that the superseding indictment is prejudicial because: I am currently serving a twenty-two (22) month sentence for violation of probation. My probation was violated when I was charged with the first count in the above mentioned indictment. My violation was based on the officer body camera video of Jamie Warner stating the Firearm found in his vehicle belonged to me. Trooper Dolon was the only witness that testified at my surrender hearing. My attorney Richard Farrell never argued my right to face my accuser. Based on the preproderance of evidence, Judge Gorton found me in violation and I received an unreasonably long sentence of twenty-two (22) months to serve, and an additional one year of supervised release after the sentence is complete. I have recently filed, PRO-SE, a 2255 motion to Vacate, Set Aside, or Correct a Sentence by a Federal inmate.

7. Because of this superseding indictment still pending I can not receive my earned good-time credit that I am

entittled to, until this case is resolved. I have to be in the Federal Bureau of Prisons custody to receive the fifty-four(54) days for each year I am serving. based on my calculation I would receive ninety-nine days of earned good time credit, if I was in B.O.P custody; That would give me a release date of September 14. 2024, not "sometime in September or October" as my counsel suggest at the motion to suppress reconsideration hearing.

8. "A prisoner who is serving a term of imprisonment of more than one (1) year, other then a term of imprisonment for the duration of the prisoner's life may receive credit towards the service of the prisoner's sentence up to fifty-four (54) days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons, that during that year, the prisoner has displayed exemplary compliance with instutional disciplanry regulations." (18 U.S.C.S. 3624).

9. With my Earnd Good-Time credits my sentence would be reduced to nineteen (19) months.

10. Furthermore, defendant is entitled to separate trials of the two separate offenses arising from two alleged incidents.

11. WHEREFORE, the Defendant moves for severance of Counts one (1) and two (2) in the indictment.

Respectfully Submitted,

Charlie Vick