**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLIE VICK,<br>Defendant. | Crim. No. 4:23-cr-40003-MRG |

**Pretrial Ruling on Contested Evidence [ECF No. 274]**

**GUZMAN, J.**

The Court has reviewed the recent filing of the Government, [ECF No. 274] which appears to seek clarity on a pretrial evidentiary ruling regarding the use of certain evidence and arguments at trial and in opening statements.

It is the Court's determination to impanel a jury and conduct a full and fair trial of the separate indictments pending against Defendant Charlie Vick. As this matter has already been the subject of a jury trial and an evidentiary motion hearing, it is clear that some of the evidence the government seeks to admit could have a prejudicial impact on one of the indictments, while also having significant evidentiary relevance to the other.

The motion hearing held on October 6, 2026, included discussion of the Government's intended use of cellphone images obtained during a local law enforcement investigation prior to the events leading to Mr. Vick's arrest, and subsequent federal indictment and trial on a charge of Felon in Possession of a Firearm. While the original trial included some of the same evidence, the trial did not involve the prosecution of the separate offense for Witness Tampering. The combined

prosecutions and the possible issues—specifically, whether two of the prior trial witnesses will testify at this trial—present unique evidentiary challenges.

The parties worked through many of the same evidentiary concerns during the trial in January 2024, including the ability of the Government to introduce photos extracted from a cellphone. The Court, with a cautionary instruction to reduce prejudice to the Defendant, allowed the Government to introduce much of this same evidence. The Court is of the same mind in this case. However, this trial is not exactly the same as the first trial. Indeed, the Court and the parties have the benefit of having heard the testimony of certain witnesses and having seen how some of the contested exhibits fit into the case overall.

The rulings from the first trial cannot simply be carried over to the second trial. For example, when the admissibility of the contested photographs was being determined in the first trial, Person 1 had not yet testified that some of the photographs were approximately five years old in 2024 rather than "shortly before the defendant's arrest" as had been presented by the Government. [ECF No. 66 at 6]. On Day 4 of the first trial, Person 1 testified that the photographs in question are screenshots of a video that was taken approximately five years prior to her testimony, placing the capturing of the images sometime in 2019. [Trial Tr. Day 4 44:22–45:3, ECF No. 102].

While it is true that in the First Circuit, "[t]he fact that the government [cannot] provide an exact date for" photographic evidence is "for the jury to weigh," United States v. Dominguez-Figueroa, 866 F.3d 481, 486 (1st Cir. 2017), the admissibility of photographic evidence is still subject to review for undue prejudice under Federal Rule of Evidence 403. This is particularly true where the evidence constitutes 404(b) other act evidence, which the Government recognizes the photographs in question do. [ECF No. 240 at 1]. "Probative value must be considered in light of

the remoteness in time of the other act and the degree of resemblance to the crime charged." United States v. Fields, 871 F.2d 188, 197 (1st Cir. 1989); see also United States v. Martínez-Mercado, 919 F.3d 91, 101–03 (1st Cir. 2019) (finding district court's inclusion of bad act evidence was erroneous because government did not prove that uncharged prior acts were "specially relevant" as evidence of modus operandi). The passage of time "substantially weakens [the] probative value [of 404(b) evidence] and weighs in favor of exclusion." United States v. Mare, 668 F.3d 35, 41 (1st Cir. 2012) (quoting Fields, 871 F.2d at 198).

Where the relevance of evidence depends on the existence of a conditional fact, "proof must be introduced sufficient to support a finding that the fact does exist." United States v. Vázquez-Soto, 939 F.3d 365, 374 (1st Cir. 2019). In this case, the conditional fact of whether the photographs were taken during the time period relevant to the indicted acts cannot be determined from certain photographs alone. The photographs themselves—some of which depict a subject holding a firearm in a cloud of smoke from some kind of joint or cigarette—do not clearly display the subject's face such that the jury could compare the photo to the Defendant's appearance in court and infer how long ago the photographs were taken and determine their relevance, which is unlike the circumstances of Vázquez-Soto, cited by the Government.[1]

[1] Vázquez-Soto is also remarkably different from the case here. In that case, the defendant was charged with making false statements and theft of government property regarding a full disability he obtained payments for beginning in 2001. 939 F.3d at 368–70. The government sought to introduce photographs, some undated, and others bearing a time stamp from 2008, and uploaded to Facebook in 2010, that called into question the legitimacy of defendant's disability. Id. at 374. The defendant argued that the government "failed to prove that the photographs were taken during the period when he was accepting disability benefits," such that the admission lacked the proof of the conditional fact that the photographs were actually taken during the relevant time period. Id. As for the undated photographs, the First Circuit found that they had "similar features to the stamped photograph (e.g., the same individuals in the same clothing)" and that the jury "could judge for itself from the photographs and [defendant's] appearance in the courtroom approximately how much time had passed between when the photographs were taken and the time of trial." Id. at 375. This resolves a separate issue than the challenge the Court is faced with here – the photographs in question are not being used in the same capacity as in Vázquez-Soto. The appearance of defendant in the photographs in that case (defendant wearing a heavy helmet, dancing, entering a paddle boat, etc.) was directly relevant to the alleged false statements regarding his disability. Therefore, it made sense to allow the jury to compare photographs that had potential relevance to the charges to the defendant's appearance in court to evaluate the timing of the photographs as it related to his disability diagnosis from 15 years prior. Here, the photographs do not bear the

Additionally, there was testimony in the first trial that one of the photographs of a firearm was likely not the same firearm that Mr. Vick was charged with possessing. [Trial Day 4 Tr. 104:24–105:25]. The inability to show similarity between certain photographs and the indicted acts limits their probative value. However, as this discussion shows, there are multiple photographs in question, and they are not all the same. For example, the image of a firearm against a table, labeled Exhibit 12 in ECF No. 240, does have a timestamp from the meta data and the firearm depicted appears visually similar to the firearm seized in the investigation that produced the felon in possession charge of Count I. Accordingly, there is a greater probative value for that photo that alters the balance of unfair prejudice considered for the others.

Further adding complexity, while the photographs may be unduly prejudicial as evidence of Count I, they are highly relevant and probative of Count II, the witness tampering charge where the Defendant is alleged to have texted Person 1 and specifically referred to these photographs in question. "Balancing the probative value and prejudicial effect of evidence under Rule 403 is a highly fact-dependent enterprise, one which the trial judge is almost always in the best position to undertake." Mare, 668 F.3d at 41.

Accordingly, the Court makes the following rulings regarding the photographs. The exhibit numbers below refer to the exhibit stickers that appear on the images in ECF No. 240. Provided that foundation is laid and the images are properly authenticated (which Defendant may challenge at the time the evidence is proffered):

- Ex. 12 – admissible as to Count I and Count II. The Government is cautioned that it will not be permitted to state that the firearm in this photo is conclusively the same firearm; however, it may elicit testimony that supports the ability of the jury to come to an inference on their own.

same significance, as Defendant is at least partially obscured in the photographs and a comparison of the photographs to his appearance in court may not satisfy the relevance concerns that were assuaged in Vázquez-Soto.

- Ex. 13 – admissible only as to Count II with a 404(b) limiting instruction. The remoteness in time limits the probative value of the photograph for Count I and the image poses a high risk of unfair prejudice.
- Ex. 13-1 – inadmissible as to either count. This image solely depicts a person smoking and has no probative value to either count.
- Ex. 14 – admissible only as to Count II with a 404(b) limiting instruction. The remoteness in time limits the probative value of the photograph for Count I and the image poses a high risk of unfair prejudice.
- Ex. 25-2 – admissible only as to Count II with a 404(b) limiting instruction. The remoteness in time limits the probative value of the photograph for Count I and the image poses a high risk of unfair prejudice.
- Ex. 25-3 – admissible only as to Count II with a 404(b) limiting instruction. The remoteness in time limits the probative value of the photograph for Count I and the image poses a high risk of unfair prejudice.
- Ex. 25-4 – admissible only as to Count II with a 404(b) limiting instruction. The remoteness in time limits the probative value of the photograph for Count I and the image poses a high risk of unfair prejudice.

The Court has sent the parties a proposed 404(b) limiting instruction. The Court welcomes edits to this instruction and the parties may submit any redlined changes via email to the Court. With those limitations in place, the motion to admit the photographs, ECF No. 240 is **GRANTED IN PART** and the Defendant's motion to exclude them is **DENIED IN PART**.

Regarding the text messages in question, the Court concludes that they are relevant to both counts and so long as the proper foundation is laid and the evidence is authenticated, the motion to admit the text messages is **ALLOWED**.

While the Court strongly believes that the proper way of admitting the contested evidence is through the testimony of Person 1, the Court does not preclude the Government's suggested strategy of introducing the photographs and text messages through an agent's testimony; however, such introduction must conform to the Rules of Evidence and have proper foundation. Further, the agent must limit his testimony to his area of expertise and personal experience.

The Court fully respects and will ensure the right of the Government to prosecute its case and the Defendant's right to respond fully. However, the greatest challenge is to prevent prejudice

before the jury is presented with any evidence. The Government and the Defense will have a full opportunity to lay out the theory of the case in Opening statements. However, caution must be taken to ensure that the jury is not confused or misled about the applicability of certain photographs to the indictment of Count I as opposed to Count II.

In sum, ECF No. 240 and ECF No. 274 are **GRANTED IN PART.** ECF No. 233 is **DENIED IN PART.**

**SO ORDERED.**

Dated: October 9, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge